UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| TRAVIS DALE, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VULCAN METALS CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No. 3:25-cv-5803<br><br>Removal from Pierce County Court, Case No. 25-2-09637-3<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY OF CITIZENSHIP) AND ALTERNATIVELY, 28 U.S.C. § 1332(d) (CAFA)** |

TO: CLERK OF THE U.S. DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON

AND TO: Plaintiff TRAVIS DALE ("DALE"), *et al.*, and Plaintiff's Attorney of Record, FERRARO VEGA EMPLOYMENT LAWYERS, INC.

PLEASE TAKE NOTICE that Defendant Vulcan Metals Corporation ("Defendant" or "Vulcan") in the above-titled matter hereby removes to this Court the state court action to the U.S.D.C., Western District of Washington, pursuant to 28 U.S.C. §§ 1332 (diversity of citizenship), 1441 (removal of civil actions), 1446 (procedure for removal of civil actions), and 1453 (removal of class actions).



DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA 98104
(206) 447-0182

Removal is based upon the following grounds: (1) there is complete diversity of citizenship between Plaintiff Travis Dale ("Plaintiff"), a Washington citizen, and Defendant, which is not a citizen of the State of Washington; and (2) the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interests and costs, as required by 28 U.S.C. § 1332(a).

Alternatively, removal is also appropriate under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453. Removal under CAFA is based upon the following grounds: (1) there is diversity between the proposed putative class members and the Defendants; (2) there are at least 100 proposed putative class members; and (3) the amount of controversy based upon the proposed putative class members' aggregated claims exceeds $5 million.

## I. <u>STATE COURT COMPLAINT</u>

1. On or about June 25, 2025, Plaintiff filed a summons and complaint in the above-titled action against the Defendant in the Pierce County Superior Court. The Complaint alleges the following causes of action on behalf of Plaintiff and a class of employees that he purports to represent: (1) Minimum Wage Act violations under RCW 49.46; (2) failure to pay overtime in violation of RCW 49.46.130; (3) meal period allegations in violation of RCW 49.12.020 and WAC 296-126-092; (4) rest break allegations in violation of RCW 49.12.020 and WAC 296-126-029; (5) unpaid wages upon termination in violation of RCW 49.48; and, (6) willful refusal to pay wages in violation of RCW 49.52.050. The Pierce County Superior Court civil action *Travis Dale v. Vulcan Metals Corporation* was filed as No. 25-2-09637-3.



DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA 98104
(206) 447-0182

2. Per 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint are attached respectively as Exh. A (Complaint), Exh. B (Summons).

3. Defendant was served a copy of the Complaint (Exh. A) on August 11, 2025 (Exh. C) (service of process). This matter is timely removed within 30 days after the receipt by Defendant of a copy of the initial pleading setting forth the claims for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b).

4. A true and correct copy of the docket for the above-titled action against the Defendant in the Pierce County Court is attached hereto as Exh. D.

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action that is between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Alternatively, this matter may be removed to this Court, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, 1711-15. The matter meets the minimal diversity requirements of CAFA, there are over 100 potential putative class members, and the amount of controversy based upon the class members' aggregated claims as alleged in Plaintiff(s) Complaint exceeds $5 million, exclusive of interest and costs.

## II. VENUE

7. Venue is proper in this Court per 28 U.S.C. §§ 1391 and 1441(a). This Court is the federal judicial district embracing the Pierce County Superior Court, where the suit was originally filed. 28 U.S.C. § 1441(a).



DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA 98104
(206) 447-0182

## III. NOTICE TO STATE COURT AND PLAINTIFF

8. In compliance with 28 U.S.C. § 1446(d), Defendant will serve promptly on all parties and file with the Clerk of the State Court a *Notice to Plaintiff and the Clerk of the Circuit Court of Removal of Civil Action to the United States District Court,* attaching a copy of this Notice of Removal.

9. Pursuant to the Federal Rules of Civil Procedure 5(d), Defendant will also file with this Court a *Certificate of Service of Notice to Adverse Party of Removal to Federal Court.*

## IV. COMPLETE DIVERSITY OF CITIZENSHIP

10. There is complete diversity of citizenship between the parties. The Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship exists between Plaintiff Dale, the class he purports to represent, and Defendant. The amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.

11. Under 28 U.S.C. § 1441, an action filed in state court may be removed to federal court if the federal court would have had original subject-matter jurisdiction over the action. Federal courts have original jurisdiction over actions where the amount in controversy exceeds $75,000.00 and the parties are citizens of different states. 28 U.S.C. § 1332(a).

12. A defendant's burden to demonstrate grounds for removal is minimal.

> The standard does not require a moving defendant to "research, state, and prove the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010), aff'd sub nom. *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011). Rather, courts accept reasonable estimates supported by wage rates, average earnings, or time periods. Id. at 1148. Additionally, courts may consider statutory or contractual attorneys' fees


DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA 98104
(206) 447-0182

> recoverable by the prevailing party, and where such fees are authorized, they are properly included in the amount in controversy. *Fritsch*, 899 F.3d at 788-95.

*Donna Ray v. Petsmart LLC*, 2025 U.S. Dist. LEXIS 118839 (C.D. Cal. 2025) (unpublished).

13. When a complaint fails to allege the amount in controversy, a removing defendant is entitled to rely on reasonable assumptions as opposed to proving particular sums. *Perez v. Rose Hills Co*., 131 F.4th 804 (9th Cir. 2025); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019).

> Because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability," a removing defendant need not present evidence of what its ultimate liability will be—in many cases, the defendant presumably expects that figure to be zero. *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Instead, the defendant "is permitted to rely on 'a chain of reasoning that includes assumptions'" to calculate the amount in controversy. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Ibarra*, [*v. Manheim Invs., Inc*., 775 F.3d 1193 (9th Cir. 2015)] at 1199). While "those assumptions cannot be pulled from thin air," *Ibarra*, 775 F.3d at 1199, they can be "founded on the allegations of the complaint" and do not necessarily need to be supported by evidence. *Arias*, 936 F.3d at 925. The district court's task is simply to determine if the defendant's "reasoning and underlying assumptions are reasonable." *Jauregui*, [*v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992 (9th Cir. 2022)] at 993.

*Perez* at 808.

### A. DIVERSITY OF CITIZENSHIP

14. Vulcan is a Delaware corporation, as Plaintiff admits in his Complaint. **Exh. A**, ¶ 3.2. At all material times, Vulcan's principal place of business has been its Missouri headquarters. Gilliland Decl., ¶ 2. 28 U.S.C. § 1332(c)(1).

15. Plaintiff does not allege the state of his residency. Plaintiff does allege that he is presently employed by Vulcan as a Melter in Washington State. The concurrently filed declaration of Susan M. Gilliland, Vulcan's Corporate Payroll Manager, establishes Mr.



DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA 98104
(206) 447-0182

Dale's Washington State residency. *Id*. at ¶ 3. Mr. Dale resides in Spanaway, Washington. *Id*.

16. Vulcan's payroll records indicate that all of the non-exempt Washington employees are residents of Washington. Gilliland Decl., ¶ 11.

17. Because there is no overlapping citizenship, complete diversity exists in this matter. 28 USC § 1332.

**B. PLAINTIFF'S AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

18. Plaintiff's allegations, even if viewed solely as an individual claim, readily surpass the $75,000 amount in controversy.

19. A removing party need only show a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003). The amount in controversy can include actual damages, punitive damages, and attorney's fees authorized by contract or statute. *See Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001).

20. Plaintiff alleges that Defendant violated Washington RCW Chapters 49.12, 49.46, and 49.48 against him individually and to the class. Exh. A. Specifically, Plaintiff has alleged six causes of action: (1) Minimum Wage Act Violation, on behalf of Plaintiff and the purported class he claims to represent, Exh. A, §§ 6.1 – 6.7; (2) Failure to Pay Overtime Wages, on behalf of Plaintiff and the purported class he claims to represent, Exh. A, §§ 7.1 – 7.7; (3) Meal Period Violations under RCW 49.12.020 and WAC 296-126-092, on behalf of Plaintiff and the purported class he claims to represent, Exh. A, §§ 8.1 – 8.6; (4) Rest Break Violations under RCW 49.12.020 and WAC 296-126-092, on behalf of Plaintiff and the



DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA 98104
(206) 447-0182

purported class he claims to represent, Exh. A, §§ 9.1 – 9.7; (5) Unpaid Wages on Termination under RCW 49.48, on behalf of Plaintiff and the purported class he claims to represent, Exh. A, §§ 10.1 – 10.4; and, (6) Willful Refusal to Pay Wages, Exh. A, §§ 11.1 – 11.6.

21. Plaintiff's allegations seek liquidated and exemplary damages. Exh. A. If Plaintiff prevailed on such a theory it would double the award for any wages willfully withheld. RCW 49.52.070.

22. Plaintiff alleges that he has been continually employed by Defendant since September 2023. Exh. A, § 3.1. This is a period of at least 23 months. Plaintiff's alleged damages extend past the post-removal period is properly included when measuring the amount in controversy.

> We conclude that the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious.

*Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 414-415 (9th Cir. 2018).

23. Likewise, pre and post removal attorney's fees are properly included within the amount in controversy.

> Although *Chavez* [*v. JPMorgan Chase & Co*., 888 F.3d 413 (9th Cir. 2018) noted that the amount in controversy may include damages, costs of compliance with injunctions, and attorneys' fees awarded under contract or fee shifting statutes, it did not expressly address whether attorneys' fees incurred after removal were properly included in the amount in controversy. This appeal requires us to address this issue. We conclude, in light of *Chavez* and our precedents, that a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met. *See id.* at 417-18; *Gonzales*, 840 F.3d [644] at 648; *Lowdermilk*, 479 F.3d at 1000; *Kroske*, 432 F.3d at 980. We have long held (and reiterated in *Chavez*) that attorneys' fees awarded under fee-shifting statutes or contracts are included in the amount in


DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA 98104
(206) 447-0182

> controversy. *Gonzales*, 840 F.3d at 648; *Lowdermilk*, 479 F.3d at 1000; *Kroske*, 432 F.3d at 980. As explained in *Chavez*, when we assess the amount in controversy at the time of removal, we must include all relief to which a plaintiff is entitled if the action succeeds. 888 F.3d at 418. Accordingly, if the law entitles the plaintiff to future attorneys' fees if the action succeeds, "then there is no question that future [attorneys' fees] are 'at stake' in the litigation," *id.* at 417, and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy.

*Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

24. Consistent with Fed. R. Civ. P. 8(a), a removing defendant's notice of removal needs only contain plausible allegations to demonstrate the amount in controversy. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014). This standard applies to complaints, such as the Complaint in question (Exh. A), which do not allege or seek a specific amount of damages:

> When plaintiffs favor state court and have prepared a complaint that does not assert the amount in controversy…the Supreme Court said that a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal.

*Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015) (citing *Dart Cherokee, supra*).

25. A plaintiff's complaint is a court's "first source of reference in determining the amount in controversy." *LaCrosse v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. v. Red Cab. Co.*, 303 U.S. 283, 289 (1938). Here, in determining the amount in controversy for purposes of removal, the ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint – not what a court or jury might later determine to be the actual amount of damages, if any. *See, e.g., Ibarra*, 775 F.3d at 1198 n. 1 (defendants "are not stipulating to damages suffered" in a removal petition "but only



DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA 98104
(206) 447-0182

estimating the damages that are in controversy," because "jurisdictional must be analyzed on the basis of pleadings filed at the time of removal"). The Court must presume that Plaintiff will prevail on each and every one of his claims. *Kenneth Rotschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002).

26. Additionally, as the Ninth Circuit held in *Chavez v. JPMorgan Chase & Co.*, "the amount in controversy is not limited to damages incurred prior to removal…[r]ather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses *all relief a court may grant on that complaint if plaintiff is victorious*." 888 F.3d 413, 414-18 (9th Cir. 2018)(emphasis added).

27. RCW 49.12.150, *Civil action to recover underpayment*, provides the following remedies for a successful plaintiff:

> If any employee shall receive less than the legal minimum wage, except as hereinbefore provided in RCW 49.12.110, said employee shall be entitled to recover in a civil action the full amount of the legal minimum wage as herein provided for, together with costs and attorney's fees to be fixed by the court, notwithstanding any agreement to work for such lesser wage. In such action, however, the employer shall be credited with any wages which have been paid upon account.

RCW 49.12.150.

28. Plaintiff worked from August 23, 2023 through his separation date of June 25, 2025. Gilliland Decl., ¶ 5. During that period of time, he worked 320 days. *Id.* His starting rate of pay was $27.06 per hour that was eventually raised, per the terms of the collective bargaining agreement with the International Association of Machinists and Aerospace Workers, District Lodge 160, Local Lodge 297 ("CBA"), to $29.54 per hour at the end of his employment. *Id.*, at ¶ 6.



DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA 98104
(206) 447-0182

Plaintiff's average rate of pay was $28.68 per hour for his employment. Gilliland Decl.., at ¶ 7. Plaintiff's allegation for missed rest periods would potentially equal $4,588.80.[1] Plaintiff's allegation for missed meal periods would potentially equal $6,883.20.[2] Furthermore, Plaintiff has alleged that the company had a policy and practice of editing hours to eliminate overtime. Exh. A, at § 5.7.

29. Finally, Plaintiff has also alleged that the violations were willful, which would provide for double damages as exemplary damages, costs, and reasonable attorney fees. Exh. A, § 11.2 - § 11.6. The exemplary damages would equal $22,944.00. The meal and rest period damages sought by Plaintiff (without attorney fees, which will be discussed below) would be $34,416.00.[3]

30. Attorney's fees are properly included in determining the amount in controversy. *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that "if a plaintiff would be entitled under a contract or statute to future attorney's fees, such fees are at stake in the litigation and should be included in the amount in controversy"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-700 (9th Cir. 2007) ("'Section 1332(a)'s amount-in-controversy requirement excludes only "interest and costs" and therefore includes attorneys' fees."'); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (when a statute mandates or allows an award of attorney's fees they are properly included within the amount in controversy). Moreover, "a court ***must*** include **future** attorneys' fees

---

[1] This is from 320 days worked with at least two (2), ten (10) minute rest breaks for each full day (8 hours) worked, multiplied by Plaintiff's average overtime hourly rate ($28.68 (x) 1.5).

[2] This is from 320 days worked with at least one thirty (30) minute lunch break, multiplied by Plaintiff's average overtime rate of pay ($28.68 (x) 1.5).

[3] This does not include violations of Washington's overtime laws.



DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA 98104
(206) 447-0182

recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met. *Fritsch*, 899 F.3d at 794 (emphasis added); *Chavez*, 888 F.3d at 414-15 ("[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses ***all*** relief a court may grant on that complaint if the plaintiff is victorious." (emphasis added)).

31. Even if this putative class is never certified and proceeds to trial as a single plaintiff case, Plaintiff's counsel is certain to recover more than $75,000.00 in fees if he prevails on nearly any portion of the wage claims. Spurgeon Decl. ¶ 2.

32. Plaintiff's counsel has been awarded fees exceeding $75,000.00 in other wage-and-hour class actions. *Blount v. Host Healthcare, Inc.*, 2022 U.S. Dist. LEXIS 67891 (S.D. Cal. 2022) (pre-trial motion for $465,000 in fees and $6,421.00 in costs granted); *Loreto v. Gen. Dynamics Info. Tech., Inc.*, 2022 U.S. Dist. LEXIS 136178 (S.D. Cal. 2022) (settlement-capped $300,000 fee motion granted). These fee awards would have been much higher had the cases proceeded to trial. In *Blount* the parties had apparently not even proceeded to "formal discovery, class certification, and summary judgment." *Id.*, at *10-11. Even so, Plaintiff's counsel had 390 hours incurred. *Blount,* 2022 U.S. Dist. LEXIS 67891, at *25. Mr. Ferraro was granted his requested rate of $500 per hour. *Id.*, at *24. The fees above were also set in 2022, three years ago. If this lawsuit proceeded to trial, even on the named plaintiff's individual claims, an amount much greater than $75,000.00 in attorney's fees would be in controversy. Spurgeon Decl., ¶ 2.



DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA 98104
(206) 447-0182

33. Considering that individual damages, as alleged, are estimated at $34,416.00, Plaintiff's fees on a successful wage argument would only need to exceed $40,584.00 through trial and post-trial work to satisfy the individual amount in controversy threshold.

34. Accordingly, this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332.

## V. <u>ALTERNATIVELY, CAFA REMOVAL IS APPROPRIATE.</u>

35. Defendant avers that this action is also removable under CAFA. Under CAFA, a minimum diversity standard applies to covered class actions. A covered class action is one that potentially exceeds $5 million, with a proposed class consisting of more than 100 members. 28 USC § 1332(d)(2), (d)(5)(B).

36. CAFA's minimum class member provision, 28 U.S.C. § 1332(d)(5)(B), only requires 100 or more putative class members. There are approximately 287 potential class members. Gilliland Decl., ¶¶ 9-12.

37. CAFA also requires at least $5,000,000.00 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(d). Plaintiff is presumably seeking all meal and rest periods from June 25, 2022 to the present for Plaintiff and the class he purports to represent.

38. During the applicable period of time, there were 286 employees. Gilliland Decl., ¶ 12. A payroll report identifies all 286 employees with their hire date and their termination date. *Id.*, at ¶ 13. Payroll has also identified the last wage rate for each employee. Using excel, Defendant was able to determine the estimated work days for each employee. In sum, there were 141,959 workdays for the 286 employees. *Id.* The median hourly wage rate for each employee was $30.43 per hour.



DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA 98104
(206) 447-0182

39. Based upon this information, Plaintiff is alleging an estimated rest period (2-10 minute rest periods per day) damage amount of $2,159,906.19 for the class period. Plaintiff is alleging an estimated meal period (1-30 minute meal period per day) damage of $3,239,859.28. Plaintiff is also alleging that willful violations of the law occurred, and seeking double damages. This would amount to $10,799,530.93. The total meal and rest periods damages sought (excluding overtime, costs and attorney fees) exceeds the $5,000,000.00 threshold that CAFA jurisdiction requires.[4]

40. As noted above, the Plaintiff's counsel have been awarded at least $465,000.00 in fees in pre-discovery, pre-certification settlement of other wage-and-hour class actions. Because both pre and post-removal fees are properly included within the amount in controversy, *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018), a reasonable forecast of fees through trial will be included.

41. In 2022 Plaintiff's counsel asked for and were awarded $500.00 per hour. At that point in the case, plaintiff had incurred 390 hours of work by his attorneys. Assuming a rate of $535.00 in year 2025, that would be $208.650.00. Adding in discovery for certification and merits, motions for summary judgment, trial, and post-trial motions would increase the 390 hours by at least 1,200 hours of effort[5]. That would result in $850,650.00 plus costs on a lodestar basis without use of any multiplier or verdict/settlement fund benchmark. This is the

---

[4] The total estimated meal and rest period violations alleged, with double damages (excluding overtime, costs and attorney fees) is $16,199,296.39.

[5] *See Hill v. Garda CL Northwest, Inc.*, 2015 Wash. Super. LEXIS 179 * 11 (King County Superior Court 2015) (1,836.2 attorney hours and 333 paralegal hours).



DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA 98104
(206) 447-0182

lowest potential estimate of fees if the Plaintiff was successful on the class action allegations. A more reasonable forecast of class action attorney's fees is based upon actual awards.

42. A percentage of the settlement fund is often used as a benchmark for attorney's fees. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Bowles v. Department of Retirement Systems*, 121 Wn.2d 52, 72-73, 847 P.2d 440 (1993). "The typical range of attorneys' fees awarded from common fund recoveries in class action cases is between 20% and 33%." *Hill v. Garda CL Northwest, Inc*., 2015 Wash. Super. LEXIS 179 * 5 (King County Superior Court 2015) (unpublished); *Clarkson v. Alaska Airlines, Inc*., 2025 U.S. Dist. LEXIS 11293 (E.D. Wash. 2025) ($1,425,000 in attorney's fees based on settlement fund); *Bolding v. Banner Bank*, 2024 U.S. Dist. LEXIS 32806 * 8-9 (W.D. Wash. 2024) (court granted $5,000,000 in attorney's fees and $303,084.08 in costs); *Didzun v. Home Depot, Inc*., 2024 U.S. Dist. LEXIS 231067 * 5 (W.D. Wash. 2024) (granting $2,375,000 in fees as 25% of the settlement fund); *Benson v. Doubledown Interactive, LLC*, 2023 U.S. Dist. LEXIS 97758 ($121,485,000 in fees and $3,000,000 in administration expenses after four years of litigation).

43. Assuming a twenty-five percent attorney fee award, an attorney fees' sought are estimated at $4,049,824.10.

44. Based on the above, Plaintiff's meal and rest period claims alone exceed CAFA's $5 million threshold.

## VI. CONCLUSION

45. This Court has original jurisdiction over this matter per 28 U.S.C. §§ 1332, 1367(a), and 1447.



DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA 98104
(206) 447-0182

46. Removal is appropriate under 28 U.S.C. § 1441.

DATED this 9th day of September, 2025.

By: __/s/ Daniel J. Spurgeon______________
Christopher L. Hilgenfeld, WSBA No. 36037
Daniel J. Spurgeon, WSBA No. 54700
Richard "Ricky" Kim, WSBA No. 57290
DAVIS GRIMM PAYNE & MARRA
701 5th Avenue, Suite 3500
Seattle, Washington 98104-7055
Ph. (206) 447-0182 | Fax: (206) 622-9927
E-mail: chilgenfeld@davisgrimmpayne.com
dspurgeon@davisgrimmpayne.com
rkim@davisgrimmpayne.com

***Attorneys for Vulcan Metals Corporation***

# CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of September, 2025, I electronically filed the above and foregoing **NOTICE OF REMOVAL (DIVERSITY OF CITIZENSHIP)** with the Clerk of Court using the CM/ECF system. I further certify that on the same date, I caused to be served a true and correct copy of the same upon the following individual(s) in the manner indicated below:

**Attorneys for Plaintiff:**
Nicholas J. Ferraro (SBN 59674)
3333 Camino Del Rio South, Suite 300
San Diego, CA 92108
Tel: (619)693-7727 Fax: (619)350-6855
E-mail: *Nick@ferrarovega.com*

[X] Via U.S. Mail
[ ] Via Legal Messenger
[X] Via Electronic Service: *Nick@ferrarovega.com*
[ ] Via Federal Express (Overnight delivery)

By: _*/s/ Annalise R. Field*________________
Annalise R. Field
Paralegal to Attorneys for Vulcan Metals